UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHAN WEBSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4236** |
| **JEFFREY TRAVIS, WARDEN** | **SECTION "B"(6)** |

ORDER AND REASONS

Before the court is Petitioner's appeal of denial of his Motion for Default or Alternative Sanctions, (Rec. Doc. No. 17), Request to take Leave for Depositions, (Rec. Doc. No. 22), and Motion for an Evidentiary Hearing, (Rec. Doc. No. 23). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Petitioner's Appeal is **DENIED**.

BACKGROUND

Petitioner was convicted by jury of one count of possession of between 28 and 200 grams of cocaine. He was sentenced on January 22, 1998 as a quadruple-offender and is currently serving a term of thirty years in prison. On August 4, 2004, Petitioner filed an Application for Post Conviction Relief with the state court claiming newly discovered evidence of the introduction of perjured testimony by the prosecution, which was denied. (Rec. Doc. No. 1).

The factual basis for Petitioner's claim involves issuance of a search warrant. The record indicates that prior to his

arrest, Petitioner was under surveillance by narcotics agents. An informant alerted the agents that Petitioner kept narcotics at 1104 Music Street and had a narcotics retail shop at 2205 ½ Dumaine Street. It appears from the testimony of the arresting officer that search warrants were issued for both addresses, which Petitioner now contests. Officers executed the warrants, arrested Petitioner at the Dumaine Street address, escorted him to the Music Street address, and used his key to enter the residence and locate evidence of cocaine possession. Petitioner claims to have discovered that a warrant was issued only for the Dumaine Street address and that evidence seized at Music Street was improperly admitted. Petitioner also challenges the effectiveness of his counsel and claims that references to two warrants at trial amounted to perjured testimony. On these factual discrepancies, petitioner seeks a Writ of Habeas Corpus.

Webster's Petition is still pending before this court. He has filed three motions relating to the petition: *Motion for Default or Alternative Sanctions*, *Request to Take Leave for Depositions*, and *Motion for an Evidentiary Hearing*. All three motions were denied by the Magistrate Judge, and Petitioner now appeals to the Trial Judge.

## DISCUSSION

**1. Petitioner Appeals Denial of Motion for Default of Alternative Sanctions**

Petitioner requests default or alternative sanctions for the

state's alleged failure to comply with this court's order to "file a response along with copies of necessary court records to resolve the claims raised in the petition." Petitioner appeals the Magistrate Judge's denial of his motion, claiming that the necessary documents have not yet been filed by the state.

Petitioner cites no statute or case law as authority for his request of sanctions. He claims that his Petition for a Writ of Habeas Corpus was filed and served on respondents on September 5, 2007. In fact, the petition is marked "tendered for filing" on July 31, 2007 and is entered on the docket report on August 28, 2007. An order was issued that same day by Magistrate Judge Louis Moore, Jr. compelling the state to file a response to the petition within 90 days.  According to the record, the state did so on November 26, 2007. With its response, the state submitted a five volume assembled state court record. (Rec. Doc. No. 10). Petitioner claims in his motion for default or alternative sanctions, filed on May 19, 2008, that no answer has been filed, nor have the necessary court documents. (Rec. Doc. No. 13). Such an allegation is simply untrue. The state filed its response and evidence for the record on November 26, 2007. The state has not been ordered by the court to submit any other documents or evidence. Therefore the Magistrate Judge correctly dismissed Petitioner's motion for sanctions.

**2. Petitioner Appeals Denial of Motion Seeking Leave to Take**

**Deposition**

Petitioner filed a Request for Leave to Take Depositions with the court on May 28, 2008. (Rec. Doc. No. 15). Petitioner requests the court's permission to take a deposition of Judge Calvin Johnson of the Criminal District Court for the Parish of Orleans, Section E. Petitioner claims that the state falsely alleged that there were two separate search warrants issued on the same date in his case. Petitioner claims that a warrant existed only for 2205 ½ Dumaine Street, and not 1104 Music Street where petitioner lived and where evidence used to convict him was obtained. Petitioner has obtained a copy of his trial record and states that the record contains only one search warrant for the Dumaine Street address. Finally, Petitioner claims that his conviction rests on unlawfully seized evidence and "knowingly intentionally perjured testimony." The magistrate judge denied Petitioner's request for failure to show good cause, and Petitioner has filed an appeal to the trial judge.

Magistrate Judge Louis Moore, Jr. denied Petitioner's motion for failure to show good cause as required by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. (Rec. Doc. No. 20). Rule 6(a) allows the District Courts to grant discovery to habeas petitioners when good cause exists to do so. *Harris v. Nelson*, 394 U.S. 286, 300 (1969), extended limited discovery rights to habeas petitioners when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is

confined illegally." In such circumstances, the court must "provide the necessary facilities and procedures for an adequate inquiry." *Id.*

Determination of good cause is a fact intensive inquiry. The Supreme Court found that good cause for discovery existed in *Bracy v. Gramley*, 520 U.S. 899 (1997), when Bracy alleged undue bias because the judge who convicted Bracy was subsequently convicted of taking bribes and fixing criminal cases. The Court noted that, ordinarily, public officials are presumed to have acted properly, but that the judge's own conviction rebutted that presumption and made Bracy's theory more than purely speculative. *Id.* Thus, discovery was permitted.

The Fifth Circuit has held that the *Bracy* decision "does not lower the gate for discovery in habeas cases" *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000). The court stated that *Bracy* found good cause because of "the specific nature of the allegations and the concrete nature of the evidence proffered to support Bracy's theory." *Id.* at 814. *Murphy* reiterates that for good cause to exist, the allegations must be specific, not speculative or conclusory, and that Rule 6(a) does not allow for "fishing expeditions." *Id*. Murphy's claim that a witness against him had a secret deal with the prosecutor was deemed conclusory and thus without good cause because Murphy failed to assert evidence of a deal and "pointed to little if anything which could be gleaned from

5

additional discovery." *Id*.

Similarly, in the present case, Petitioner has failed to make allegations specific enough to justify discovery under Rule 6(a). Specifically, petitioner has failed to assert any fact material to his petition for habeas relief that could be obtained by deposing Judge Johnson. The crux of petitioner's argument is that the state fraudulently seized evidence and then intentionally lied about the existence of a second warrant at trial. In fact, petitioner's full habeas petition alleges a scheme between the prosecutor and police officers to use the term warrants (plural) to cover up the fact that allegedly only one warrant existed. Throughout the trial transcript provided by Petitioner, the state and the arresting officers refer to two search warrants. At the end of the trial, the state offers into evidence, with no objection from the defense, the warrant, *in globo*, thus indicating that more than one document has been entered. As held in *Bracy*, public officials are presumed to have acted properly. Without proof of misconduct or a rebuttal of the presumption favoring public officials, petitioner's allegations fail to rise beyond speculative and conclusory and therefore do not create good cause for discovery.

In *Gibbs v. Johnson*, 154 F.3d 253 (5th Cir. 1998), the court denied Gibbs's petition to depose a Texas Ranger who questioned him prior to trial. Gibbs asserted a theory that the government withheld exculpatory information during trial. The court based its

6

denial on the fact that Gibbs pointed to "no non-public information or type of information directly relevant to the testimony" of the Ranger and that Gibbs failed to make the kind of particularized allegations required by *Bracy*. *Id.* at 259.

Petitioner claims that a friend obtained a copy of his trial record which contained only one search warrant for the Dumaine Street residence. Like *Gibbs*, through Petitioner's motion "we are pointed to no non-public information or any information directly relevant to the testimony of [the witness sought to be deposed]." *Gibbs*, 154 F.3d at 259. Petitioner has made no allegation as to why Judge Johnson's deposition is necessary and relevant to the case. It appears from the copy of the search warrant attached to petitioner's full habeas petition that Judge Johnson signed the warrant, but petitioner does not even allege that fact in his request or his appeal. There are no allegations contained in the request that cannot be answered through public information, i.e. the trial transcript and attached evidence, which Petitioner has already obtained. Therefore, good cause does not exist to allow deposition of Judge Johnson.

**3. Petitioner Appeals Denial of Motion for Evidentiary Hearing**

Petitioner claims that he is entitled to an evidentiary hearing to resolve disputed issues of material facts and ineffective counsel based on newly discovered evidence obtained

after final conviction. Petitioner asserts that his claims meet the second exception to the bar against evidentiary hearings contained in 28 U.S.C. § 2254(e)(2), specifically that a factual predicate exists that could not have been previously discovered through the exercise of due diligence.

28 U.S.C. § 2254(e)(2) bars a federal evidentiary hearing for habeas petitions if "the applicant has failed to develop the factual basis of a claim in the State court proceedings" unless the claim falls within the stringent exceptions contained in § 2254(e)(2)(A) and (B). A unanimous Supreme Court clarified the language "failed to develop" to mean that some lack of diligence or fault of the prisoner or his counsel must be shown in order for the bar to be triggered. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Therefore, the threshold question for application of § 2254(e)(2) is "not whether the factual basis alleged could have been discovered, it is whether the petitioner was diligent in his efforts." *Id*. at 434. If a prisoner was not diligent in developing the record, the bar is triggered and the petitioner's claim must fall into one of the narrow exceptions in order to receive an evidentiary hearing. *Id.*

Determination of diligence depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Beazley v. Johnson*, 242 F.3d 248 (5th Cir. 2001), *citing McDonald v.*

*Johnson*, 139 F.3d 1056, 1059 (5th Cir. 1998). Thus, one of the prisoner's claims was denied a hearing in *Williams* when his defense counsel claimed to have discovered a psychiatric report after the trial. The court found that counsel should have known of the report, and that "given knowledge of the facts and their potential importance, . . . counsel's failure to investigate these references in anything but a cursory manner triggers the opening clause of § 2254(e)(2). *Williams,* 529 U.S. at 439-40. Once the opening clause is triggered, a petitioner must satisfy subsections (A) and (B) to overcome the bar. *Id.* The bar will not be triggered if there is no evidence that the prisoner should have been aware of the fact now at issue. *Id*. at 442.

Applying the statutory test to the case at bar, Magistrate Judge Moore correctly denied Webster's motion for an evidentiary hearing. First, the court must determine whether Petitioner has failed to develop the factual basis of a claim in state court, that is, whether he was diligent in light of the facts available at the time. The record indicates that he was not. Throughout the trial, prosecutors and police officers referred to multiple warrants, including a warrant for the Music Street address, which Petitioner now claims did not exist. At the end of the trial, according to the transcript, the prosecutor and the defense attorney went through the evidence to be introduced piece by piece at the request of the defense attorney. The defense objected to several pieces of

9

evidence, but raised no objection to the warrant introduced *in globo*. In light of the fact that the defense was well aware of the warrant introduced and that references were made to the warrant throughout the trial, counsel's failure to investigate the warrant issue, much like counsel's failure to investigate the psychiatric report in *Williams*, triggers the opening clause and bars an evidentiary hearing unless petitioner can meet one of the exceptions.

In his appeal, petitioner claims to meet the second exception to § 2254(e)(2), existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. The reference to diligence in subsection (A) pertains to cases in which the facts could not have been discovered whether there was diligence or not. *Williams*, 524 U.S. at 435. For example, in *Williams* it was discovered after trial that one of the jurors was the ex-wife of the state's key witness and that one of the prosecutors had been her divorce attorney. The juror remained silent when asked if any juror was related to any person involved in the case. The Court determined that the omission was unknowable to the defense by reasonable diligence at the time, therefore an evidentiary hearing was proper. *Id*. at 440-42.

In the instant case, Petitioner clearly fails to establish that the facts could not have been discovered whether there was diligence or not. As discussed above, petitioner and defense

counsel were aware of the statements regarding two warrants at the time of trial. Defense counsel witnessed documents being introduced into evidence and objected to several other pieces of evidence. Any alleged error with respect to the warrant could have been discovered by due diligence.

Accordingly,

**IT IS ORDERED** that Petitioner's appeal is **DENIED**.

New Orleans, Louisiana this 5th day of August, 2008.

**UNITED STATES DISTRICT JUDGE**

11