# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATHAN WEBSTER | * | CIVIL ACTION |
| VERSUS | * | NO: 07-4236 |
| JEFFERY TRAVIS, WARDEN | * | SECTION: "B"(6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

On August 4, 1994, petitioner, Nathan Webster, currently incarcerated in the Rayburn Correctional Center, Angie, Louisiana, was charged by bill of information with possession of more than twenty-eight but less than two hundred grams of cocaine and with possession of a firearm by a convicted felon. At his arraignment, petitioner pled not guilty. Petitioner subsequently withdrew those pleas and entered pleas of guilty as charged. Petitioner was sentenced to ten years incarceration for his firearm possession conviction and to eleven years incarceration, as a fourth-felony offender, for his drug possession conviction, with his sentences to run concurrently. The State appealed and the Louisiana Supreme Court ultimately vacated petitioner's multiple offender sentence and remanded the matter to the district court for resentencing. *State v. Webster*, 666 So.2d 654, 95-2484 (La. 1996).

On May 10, 1996, the district court resentenced petitioner as a fourth-felony offender to twelve years imprisonment. The State again appealed and the Louisiana Fourth Circuit Court of Appeal vacated the sentence and remanded the matter for resentencing. *State v. Webster*, 704 So.2d 992 (Table), No. 96-2722 (La. App. 4 Cir.

---

[1] A portion of petitioner's procedural history is taken from the Louisiana Fourth Circuit Court of Appeal's opinion on direct appeal, *State v. Webster*, 735 So.2d 139 (Table), No. 98-1123 (La. App. 4 Cir. 11/25/98) (unpublished opinion). A copy of the Louisiana Fourth Circuit's unpublished opinion is contained in the State rec., vol. 3 of 5.

11/26/97) (unpublished opinion).

At his second resentencing, petitioner withdrew his guilty plea to the drug possession charge and elected to have a jury trial on that offense. On January 12, 1998, petitioner went to trial in Orleans Parish Criminal District Court and was found guilty as charged. On February 5, 1998, petitioner was sentenced as a fourth-felony offender to thirty years imprisonment.

On November 25, 1998, pursuant to petitioner's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Webster*, 735 So.2d 139 (Table), No. 98-1123 (La. App. 4 Cir. 11/25/98) (unpublished opinion). On April 30, 1999, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Webster*, 741 So.2d 11, 99-0038 (La. 1999).

In January, 2001, petitioner filed an application for post-conviction relief with the state district court.[2] Petitioner's post-conviction application was denied by the state

---

[2] While a copy of petitioner's post-conviction application is not contained in the State rec., petitioner represents, in his "Supervisory/Remedial Writ of Review" filed with the Louisiana Fourth Circuit Court of Appeal in *State v. Webster*, No. 01-0425, that he "filed a pro se application for post-conviction relief to the Criminal District Court" in "January of 2001." A copy of petitioner's "Supervisory/Remedial Writ of Review" is contained in the State rec., vol. 4 of 5.

3

district court on January 22, 2001.[3] On March 29, 2001, the Louisiana Fourth Circuit Court of Appeal denied petitioner's writ application based upon its finding of "no error in the judgement [sic] of the district court denying relator's application for post-conviction relief." *State v. Webster*, No. 01-0425 (La. App. 4 Cir. 3/29/01) (unpublished opinion).[4] On May 10, 2002, the Louisiana Supreme Court similarly denied petitioner's writ application. *State ex rel. Webster v. State*, 815 So.2d 835, No. 01-2273 (La. 2002).

Following the Louisiana Supreme Court's May 10, 2002 denial of post-conviction relief, petitioner filed several more writ applications within the state court system seeking relief in connection with his drug possession conviction and thirty-year sentence as a fourth-felony offender. Petitioner's efforts in this regard culminated on June 15, 2007, when the Louisiana Supreme Court denied his writ application in *State ex rel. Webster v. State*, 958 So.2d 1181, No. 06-2333 (La. 2007).

On July 27, 2007, petitioner signed and filed the instant federal habeas corpus action seeking relief in connection with his drug possession conviction based upon the claim that the search of one of the residences where drugs were discovered was unlawfully performed without a warrant. In its Response (rec. doc. 10), the State argues

---

[3]The date on which the state district court denied petitioner's writ application was ascertained from petitioner's "Supervisory/Remedial Writ of Review" filed with the Louisiana Fourth Circuit in No. 01-0425.

[4]A copy of the state appellate court's adverse decision is contained in the State rec., vol. 4 of 5.

that petitioner's habeas application should be dismissed as time-barred. For the following reasons, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of -"

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (West 2009).

In the instant matter, petitioner's conviction became final on April 30, 1999, and his time for seeking review expired on July 29, 1999, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United

States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000). Thus, under the provisions of § 2254(A), petitioner had a year from July 29, 1999, or until July 29, 2000, to timely seek federal habeas corpus relief.[5]

As stated earlier, petitioner filed the instant action on July 27, 2007, approximately seven years after his July 29, 2000 deadline. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory

---

[5]Petitioner asserts that his prescriptive period should not commence running, as set forth under § 2244(d)(1)(A), when his time for seeking review expired, but rather, should commence running, as set forth under § 2244(d)(1)(D), when the factual predicate of his claims was discovered. According to petitioner, he did not discover the factual predicate of his claims that authorities lacked a search warrant and therefore, the search of one of the residences where drugs were discovered was unlawful, until he reviewed the record of the Louisiana Fourth Circuit on June 4, 2004. It was during this review that petitioner purportedly discovered the existence of only one search warrant and that there was no second warrant which authorities testified at trial that they had in order to justify their search of a second residence.
     There are two problems with petitioner's argument in this regard. First, the fact that both warrants may not have been contained in the appellate record does not negate the existence of both warrants. A review of the trial transcript reflects that two warrants were admitted into evidence. Second, § 2244(d)(1)(D) provides for the running of prescription not from the date a petitioner discovered the factual predicate for his claims, but rather, from the date on which the factual predicate for his claims "**could have been discovered through the exercise of due diligence**. [Emphasis added.]" Petitioner, through the exercise of due diligence, could have discovered the content of the appellate record and, as such, the alleged factual predicate for his claims, on or before June 2, 1998, the date petitioner's counsel filed a brief on petitioner's behalf with the state appellate court and, as such, the date the pertinent record was available for review. (A copy of the appellate brief filed on behalf of petitioner on June 2, 1998, is contained in the State rec., vol. 3 of 5). As such, the court finds petitioner's argument, that his one-year time limit was extended under the provisions of § 2244(d)(1)(D), to be without merit.

6

provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed his first state post-conviction application in January, 2001, approximately six months after July 29, 2000, the date his one-year statute of limitations expired. Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner argues that the State should be estopped from arguing that his habeas

application is untimely because he was not provided with "competent assistance by the State of Louisiana via prison officials" for the purpose of properly seeking relief from the courts. Petitioner also complains that he was "not informed by appellate counsel or prison officials" with regard to his time limitation for seeking relief.[6] However, the Fifth Circuit has made clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). "A 'garden variety claim of excusable neglect' does not support equitable tolling." *Coleman*, 184 F.3d at 402, *citing Rashidi*, 96 F.3d at 128. Accordingly, the court finds that petitioner's arguments are insufficient to justify any equitable tolling of the AEDPA's one-year time limit.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the instant application for federal habeas corpus relief filed by petitioner, Nathan Webster, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error,

---

[6]*See* Rec. docs. 12 and 18.

8

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __26th__ day of _____June_____, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge