UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN WEBSTER                                    CIVIL ACTION

VERSUS                                            NO. 07-4236

JEFFERY TRAVIS, WARDEN                            SECTION "B"(6)

## ORDER AND REASONS

Petitioner, Nathan Webster, filed written objections, (Rec. Doc. No. 55), to the Report and Recommendation of United States Magistrate Judge Louis Moore, Jr. who recommended that the instant petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice as untimely (Rec. Doc. No. 50). For the following reasons, Petitioner's objections are overruled and the petition is DISMISSED, adopting the Magistrate Judge's Report.

Petitioner was convicted of unlawful possession of drugs and a firearm. He was sentenced to thirty years imprisonment as a fourth-felony offender. Petitioner's conviction and sentence was affirmed in the Louisiana Fourth Circuit Court of Appeal on November 25, 1998. On April 30, 1999, the Supreme Court of Louisiana rendered the conviction and sentence final by denying review and rejecting Petitioner's writ application. Petitioner then applied for post-conviction relief with the state district court in January 2001, which was subsequently denied by the

district court on January 22, 2001. The Louisiana Supreme Court denied Petitioner's application for post-conviction relief on May 10, 2002. The instant application for federal habeas relief was then filed on July 27, 2007.

**Law and Analysis:**

In pertinent part, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that habeas corpus applications authorized by 28 U.S.C. §2254, must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A) (2009). Under this provision, the date triggering the AEDPA statute of limitations is the expiration date of the time period for petition of certiorari to the Supreme Court, the date the Court affirms the conviction, or the date certiorari is denied. *Clay v. United States*, 537 U.S. 522, 527 (2003).

In this case, Petitioner had ninety days, after the state court of last resort denied review of his conviction, to petition the Supreme Court for a writ of certiorari. Sup. Ct. R. 13(1). Therefore, the AEDPA statute of limitations would have been triggered on July 29, 1999, which is ninety days after the Louisiana Supreme Court denied request for review on April 30, 1999. *State v. Webster*, 741 So.2d 11, 99-0038 (La. 1999). From

July 29, 1999, the petitioner had one year until July 29, 2000, to file a timely application for writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1)(A) (2009). Petitioner did not file his application, however, until July 27, 2007, years after the AEDPA statute of limitations had expired. (Rec. Doc. 1 at 1).

Petitioner argues, however, that the statute of limitations should not have begun on July 29, 1999, but on the date he discovered the factual predicate of his claims.[1] AEDPA does not allow delay of the statute of limitations, however, if the petitioner fails to exercise due diligence in discovering the relevant factual information. 28 U.S.C. §2244(d)(1)(D) (2009). Due diligence requires the petitioner to exercise the consideration expected of a reasonably prudent person under similar circumstances. *Frazier v. Rogerson*, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003). The burden falls on the petitioner to persuade the court that he acted with due diligence and could not have discovered the evidence in time to file a timely petition. *Id*. at 834.

Here, Petitioner did not review the record of the Louisiana Fourth Circuit Court of Appeal until June 4, 2004. (Rec. Doc. 50. at n.5). The pertinent portion of the appellate record was

---

[1] Petitioner argues that the statute of limitations should have begun on June 4, 2004, which is the date he reviewed the appellate record of the Louisiana Fourth Circuit and discovered that a search warrant necessary to seize drugs from one of his residences was not contained in the record. He alleges that the absence of this warrant from the record indicates an unlawful search and seizure in violation of his constitutional rights.

3

available, however, almost six years earlier on June 2, 1998. *Id.* Petitioner has provided no justification for his delay in reviewing the record, other than to summarily state that he was not entitled to court records once the Louisiana Appellate Project was appointed as his representation. (Rec. Doc. 55. at 2). Unsupported and conclusory statements explaining the delay in discovering new evidence are insufficient to establish due diligence. *Sorce v. Artuz*, 73 F.Supp.2d 292, 289 (E.D.N.Y. 1999). Petitioner provides no support for the assertion that court documents were withheld from him and does not describe any specific attempt to review the record when it became available. Petitioner's unsupported and conclusory statements are, therefore, insufficient to establish that he acted with due diligence in discovering the factual predicate of his claims.

Filed seven years after the expiration of the statute of limitations, the petition is untimely unless the doctrine of equitable tolling applies to delay the limitations period. Equitable tolling of the statute of limitations is justified only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The principle of equitable tolling is inapplicable when petitioner has failed to pursue his rights with due diligence. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Proceeding without counsel is no excuse for ignorance of the procedural requirements of AEDPA and also does not

constitute an exceptional circumstance for the purposes of equitable tolling. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Petitioner has not established the existence of rare and exceptional circumstances. The Fifth Circuit has held that equitable tolling is a remedy with primary application to situations in which the "plaintiff is actively misled by the defendant...or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

In the case at bar, Petitioner did not access court records when they became available and does not provide any evidence of "external circumstances" that prevented him from filing a timely petition. See *Minter v. Beck*, 230 F.3d 663, 667 (4th Cir. 2000)(holding that a petitioner's own conduct which caused a delay in filing is insufficient to create a rare circumstance that justifies equitable tolling). Petitioner also argues that he lacked access to sources of appropriate legal advice and was not told about the time limitations for seeking relief. (Rec. Docs. 12 and 18). In federal district court, however, rare and exceptional circumstances do not include an absence of legal knowledge or a mistake made due to legal illiteracy. *Oduche v. U.S. Dept. of Homeland Sec.*, 607 F.Supp.2d 676, 682 (D. Del. 2009).

Petitioner's application is therefore untimely, because it was not filed within the one year statute of limitations of 28 U.S.C.

§2244(d).[2] He did not file for federal relief within one year from the date on which the judgment became final under 28 U.S.C. 2244(d)(1)(A) or the date that new evidence could have been discovered with due diligence under §2244(d)(1)(D). No rare or exceptional circumstances exist to justify equitable tolling and the statute of limitations was not interrupted by state post-conviction or other collateral review.

Accordingly, the petition of Nathan Webster for issuance of a writ of habeas corpus is **DISMISSED WITH PREJUDICE** as untimely filed.

New Orleans, Louisiana, this 17th day of September, 2009.

                                             _____
                                                  IVAN L.R. LEMELLE
                                             UNITED STATES DISTRICT JUDGE

---

[2] The statute of limitations expired on July 29, 2000 and was not interrupted under 28 U.S.C. §2244(d)(2), by "applications for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2) (2009). The petitioner filed all state post-conviction relief, beginning in January 2001, after the statute of limitations had already expired.